IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKEY LETT, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:22-CV-113-ECM-KFP |
| | ) |
| DEPARTMENT OF TREASURY, | ) |
| INTERNAL REVENUE SERVICE OF | ) |
| KANSAS CITY, MISSOURI, et al. | ) |
| | ) |
|    Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is the Motion to Dismiss (Doc. 9) filed by Defendant United States of America,[1] Plaintiff's Motions to Object to Defendants' Motion to Dismiss (Docs. 12, 17), and Plaintiff's Motions for Judgment on the Merits (Docs. 13, 14, 15, 18). For the reasons below, the Magistrate Judge RECOMMENDS that Defendant's Motion to Dismiss be GRANTED and that Plaintiff's motions be DENIED as moot.

**I.    BACKGROUND**

Plaintiff, pro se, filed a Complaint on March 7, 2022. Doc. 1. The 21-page Complaint contains a single factual allegation: from January 26, 2022, to March 7, 2022,

---

[1] Although Plaintiff has identified the Internal Revenue Service in Kansas City and in Austin as Defendants, the IRS cannot be sued in its own name. *See Turner v. I.R.S.*, No. CIV. A. 02-0650-CG-C, 2002 WL 31556462, at *1 (S.D. Ala. Oct. 8, 2002). A federal agency may not be sued in its own name without express congressional authority, and it is clearly established that the Internal Revenue Service is one of the agencies for which authority has not been given, *Korman v. I.R.S.*, No. 06-80848-CIV-COHN, 2007 WL 404041, at *1 (S.D. Fla. Feb. 2, 2007) (citing *Blackmar v. Guerre,* 342 U.S. 512, 514 (1952), *Purk v. United States*, 747 F. Supp. 1243, 1247 (S.D. Ohio 1989), and *Krouse v. U.S. Gov't Treasury Dep't I.R.S.*, 380 F. Supp. 219, 221 (C.D. Cal. 1974)). Therefore, the proper party in this action is the United States.

the Internal Revenue Service "refuse[d]" to process Plaintiff's 1040-SR U.S. Tax Return for Seniors. *Id.* at 2–3. From this one allegation, Plaintiff draws a variety of legal conclusions. He concludes the failure to process his tax return during the six-week period denied him his civil rights under the Civil Rights Act of 1964, denied him his rights under the Thirteenth, Fourteenth, and Fifteenth Amendments, and denied him equal protection under the law. Doc. 1 at 3. Plaintiff claims the IRS—by "false instrument, fraud, deceit, false preten[s]e, perjury, [and] beguil[ing]"—deceived him, "stood in the doorway," and discouraged him from filing his tax return. *Id.* at 6.

Plaintiff seeks "all relief this Court deems necessary in the interest of justice, any other relief as may be appropriate including equitable relief, injunctive relief, compensatory, extrao[r]dinary, punitive, liquidated damages, fees and costs." *Id.* at 5. He also seeks $3.9 billion in damages. *Id.* at 2. Defendant moved to dismiss the Complaint on two grounds. Doc. 9. First, Defendant argues the Court lacks jurisdiction to adjudicate the claims under the Thirteenth, Fourteenth, and Fifteenth Amendments because "the United States has not waived its sovereign immunity under . . . 42 U.S.C. §§ 1981, 1982, and 1983." *Id.* at 2. Second, Defendant argues Plaintiff "fails to allege facts sufficient to plead any civil rights claims and therefore fails to state a claim upon which the Court may grant relief." *Id.*

## II.   LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a plaintiff must present "more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 (stating that, although a court must accept all factual allegations in a complaint as true at the motion to dismiss stage, it need not "accept as true a legal conclusion couched as a factual allegation")). Rule 12(b)(6) "is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368–69 (11th Cir. 1997).

Generally, complaints by pro se plaintiffs are read more liberally than those drafted by attorneys. *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008). Still, "the district court does not have license to rewrite a deficient pleading." *Id.* (citing *GJR*

*Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (relying on *Iqbal*, 556 U.S. at 678)). The Court treats factual allegations as true, but it does not treat conclusory assertions or a recitation of a cause of action's elements as true. *Id.* (citing *Iqbal*, 556 U.S. at 664). Moreover, a pro se litigant "is subject to the relevant laws and rules of court including the Federal Rules of Civil Procedure." *Id.* (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

### III.   DISCUSSION

Plaintiff's Complaint contains two fatal flaws: (1) it fails to establish subject matter jurisdiction and (2) it fails to state a plausible claim for relief. Accordingly, dismissal is appropriate.

#### A.   The Court lacks subject matter jurisdiction.

Federal district courts are courts of limited jurisdiction and are authorized by the United States Constitution or by statute to hear only certain types of actions. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

District Courts have subject matter jurisdiction in two types of cases. *Exxon Mobil Corp.*, 545 U.S. at 552. The first is the diversity case. *Id.* As relevant here, under 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. The second is the federal question case. *Id.* Under 28 U.S.C. § 1331, district courts "have original jurisdiction

4

of all civil actions arising under the Constitution, laws, or treaties of the United States." A claim "arises under" federal law so long as "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Hill v. Bellsouth Telecomm., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (citing *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001)). Rule 12(h)(3) of the Federal Rules of Civil Procedures requires dismissal if a court at any time determines that it lacks subject matter jurisdiction.

Plaintiff argues this Court has subject matter jurisdiction under 28 U.S.C. § 1332, but here the proper Defendant is the United States. The federal government is not a citizen of any state. Thus, diversity jurisdiction does not apply. *Molton, Allen & Williams, Inc. v. Harris*, 436 F. Supp. 853, 855 (D.D.C. 1977) ("The historic rule is that agencies and instrumentalities of the Federal Government are citizens of no state for diversity purposes and that, therefore, because all parties on each side of a controversy must be citizens of different states for diversity jurisdiction to lie, diversity jurisdiction never lies in an action against the Federal Government or its officials in their official capacities.") (citing *State of Texas v. Interstate Com. Comm'n*, 258 U.S. 158 (1922)).

The Court may still have subject matter jurisdiction if the Complaint contains a federal question. Because Plaintiff's Complaint asserts claims under the Constitution and the Civil Rights Act of 1964, a federal question exists. However, Defendant argues the Court has no subject matter jurisdiction because the United States has not waived its sovereign immunity under the statutes applicable to Plaintiff's claim. Doc. 9 at 3. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Asociacion de Empleados del Area Canalera*

*(ASEDAC) v. Panama Canal Comm'n*, 453 F.3d 1309, 1315 (11th Cir. 2006) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). This immunity may be waived and the federal government "has done so from time to time." *Smith v. United States*, 14 F.4th 1228, 1231 (11th Cir. 2021) (citing *Begner v. United States*, 428 F.3d 998, 1002 (11th Cir. 2005)). But the government must "unequivocally express[]" a waiver of sovereign immunity in statutory text; no waiver may be implied. *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Plaintiff has not identified any statutory waiver by the United States of its sovereign immunity relating to his claims. Congress has unequivocally waived sovereign immunity for claims arising under the Internal Revenue Code. *See* 26 U.S.C. § 7433. However, even though Plaintiff's claims are based on the IRS's failure to process his tax return, he does not claim an officer or employee of the IRS recklessly, intentionally, or negligently disregarded a provision of title 26 of the code, as required for that waiver to apply. 26 U.S.C. § 7433(a). Thus, the Court lacks subject matter jurisdiction over Plaintiff's claim.

Additionally, to the extent Plaintiff seeks injunctive relief,[2] such a claim is prohibited by the Anti-Injunction Act, 26 U.S.C. § 7421. *See Taliaferro v. Freeman*, 595 F. App'x 961, 962 (11th Cir. 2014) (per curiam) (quoting *Kemlon Prods. & Dev. Co. v. United States*, 638 F.2d 1315, 1320 (5th Cir. 1981) ("The Act bars not only suits that directly seek to restrain the assessment or collection of taxes, but also suits that seek to

---

[2] The Complaint does not contain a count for injunctive relief or set forth grounds warranting injunctive relief, but, as noted above, the demand for relief states that Plaintiff seeks "all relief this Court deems necessary in the interest of justice, any other relief as may be appropriate including equitable relief, injunctive relief, compensatory, extraordinary, punitive, liquidated damages, fees and costs." Doc. 1 at 5.

restrain IRS activities 'which are intended to or may culminate in the assessment or collection of taxes.'")); *Hobson v. Fischbeck*, 758 F.2d 579, 580 (11th Cir. 1985) (per curiam) (finding that district court lacked jurisdiction to enter an "order enjoining the IRS from investigating and perhaps prosecuting [plaintiff] for federal income tax evasion"). The Court thus lacks subject matter jurisdiction over Lett's claim for injunctive relief, and nothing in the Complaint provides a basis for subject matter jurisdiction. Accordingly, it is due to be dismissed.

### B. Plaintiff's Complaint fails to state a plausible claim for relief.

Even if the Court has subject matter jurisdiction, Plaintiff's Complaint fails to state a claim for which relief can be granted. As noted above, to survive a motion to dismiss, a complaint must state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 547. Here, the Complaint makes a single allegation of fact: from January 26, 2022, to March 7, 2022, the IRS refused to process Plaintiff's tax return. Plaintiff simply asserts this refusal violated his rights under the Thirteenth, Fourteenth, and Fifteenth Amendments and under the Civil Rights Act of 1964[3] (Doc. 1 at 2–3), these are "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). The Complaint fails to assert any facts supporting a claim that his rights were violated under the Thirteenth Amendment's abolishment of slavery, the Fourteenth Amendment's guarantees of due process and equal protection, or the Fifteenth Amendment's right to vote.

---

[3] In his Complaint, Plaintiff also cites to *Rushlight Automatic Sprinkler Co. v. United States*, 294 F.2d 572 (9th Cir. 1961), after the phrase "tax refund." Doc. 1 at 3. Not only is Ninth Circuit precedent not binding on this Court, *Rushlight* has no persuasive value for Plaintiff, as it held that the United States is allowed to recover a tax refund erroneously paid with interest accruing from the date the refund was paid. 294 F.2d at 574. Thus, *Rushlight* is inapplicable to Plaintiff's claim.

Likewise, Plaintiff asserts no facts suggesting that he was discriminated against on the basis of a protected characteristic in violation of the Civil Rights Act of 1964. Plaintiff's lone allegation that the IRS did not process his tax return for six weeks cannot plausibly support a claim for relief under the Constitution or the Civil Rights Act.

Ordinarily, plaintiffs are allowed to amend their complaints before a dismissal with prejudice, unless amendment would be futile. *See Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1102–03 (11th Cir. 2021). Even construing the Complaint liberally, the Court cannot discern any plausible cause of action based on Plaintiff's allegation that the IRS failed to process his tax return during a six-week period. Therefore, amendment would be futile, and the Complaint is due to be dismissed with prejudice.[4]

---

[4] Plaintiff has engaged in a pattern of filing meritless complaints with this Court. The Complaint here is Plaintiff's ninth in the last five years. This case and one more remain pending, and the previous seven were dismissed for failure to state a claim or lack of subject matter jurisdiction. *See Lett v. Dep't of Treasury, Internal Revenue Serv.*, No. 2:21-CV-191-MHT-JTA, 2022 WL 4100841, at *1 (M.D. Ala. Aug. 15, 2022), *report and recommendation adopted sub nom. Lett v. Dep't of Treasury, Internal Revenue Servs.*, No. 2:21CV191-MHT, 2022 WL 4097329 (M.D. Ala. Sept. 7, 2022); *Lett v. CVS Care Mark Corp.*, No. 2:19-CV-702-ECM-JTA, 2020 WL 7974009 (M.D. Ala. Oct. 29, 2020), *report and recommendation adopted*, No. 2:19-CV-702-ECM, 2021 WL 46713 (M.D. Ala. Jan. 5, 2021); *Lett v. PNC Bank, N.A.*, No. 2:19CV226-WKW-SMD, 2019 WL 6769001 (M.D. Ala. Oct. 29, 2019), *report and recommendation adopted,* No. 2:19-CV-226-WKW, 2019 WL 6769306 (M.D. Ala. Dec. 11, 2019); *Lett v. Bayview Loan Servicing, LLC*, No. 2:18-CV-810-WKW-GMB, 2019 WL 2297152 (M.D. Ala. May 2, 2019), *report and recommendation adopted,* No. 2:18-CV-810-WKW, 2019 WL 2273687 (M.D. Ala. May 28, 2019); *Lett v. Garden City Grp., LLC*, No. 2:18-CV-125-MHT-GMB, 2018 WL 4939278 (M.D. Ala. Oct. 3, 2018), *report and recommendation adopted,* No. 2:18CV125-MHT, 2018 WL 4935445 (M.D. Ala. Oct. 11, 2018); *Lett v. Classic Buick GMC Cadillac*, No. 2:17-CV-373-SRW, 2018 WL 3098123 (M.D. Ala. June 8, 2018), *report and recommendation adopted,* No. 2:17CV373-MHT, 2018 WL 3094886 (M.D. Ala. June 22, 2018); *Lett v. CitiFinancial Servicing, LLC*, No. 2:17-CV-336-MHT-TFM, 2017 WL 6816719 (M.D. Ala. Dec. 19, 2017), *report and recommendation adopted sub nom. Lett*, No. 2:17CV336-MHT, 2018 WL 315256 (M.D. Ala. Jan. 5, 2018). Although Plaintiff is pro se and, therefore, not subject to Rule 11 sanctions applicable to attorneys who repeatedly file frivolous claims, he is certainly aware that meritless claims are not welcome, further supporting a dismissal with prejudice.

## IV. CONCLUSION

For the above reasons, the Magistrate Judge RECOMMENDS that Defendant's Motion to Dismiss (Doc. 9) be GRANTED, this case be DISMISSED with prejudice and Plaintiff's pending motions (Docs. 12, 13, 14, 15, 17, 18) be DENIED as moot.

It is further ORDERED that on or before **October 27, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982*); see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 13th day of October, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE