IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKEY LETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:22-cv-113-ECM |
| | )                                (WO) |
| DEPARTMENT OF TREASURY, *et al*., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Recommendation of the Magistrate Judge (doc. 19) which recommends that the Defendant's motion to dismiss (doc. 9) be granted for lack of subject-matter jurisdiction and that the Plaintiff's motions for judgment on the merits (docs. 13, 14, 15, 17, and 18) be denied as moot. (Doc. 19). On October 17, 2022, the Plaintiff filed objections to the Recommendation. (Doc. 20).[1] The Court has carefully reviewed the record in this case, including the Recommendation, and the Plaintiff's objections. *See* 28 U.S.C. § 636(b).

When a party makes timely and specific objections to findings in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *See Stokes v. Singletary,* 952 F.2d 1567, 1576 (11th Cir. 1992) ("[w]henever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the

---

[1] The Plaintiff filed two motions to object to the Defendant's motion to dismiss (docs. 12 and 17) which the Court construes as responses to the Defendant's motion to dismiss.

record with respect to that factual issue.") (quoting *LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir. 1988)); *see also* 28 U.S.C. § 636(b)(1).  The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review.  *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006).  Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*  The district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections.  The Plaintiff's Objections largely reiterate the claims made in the complaint and he makes conclusory assertions that the Court has jurisdiction to hear this matter.  The Plaintiff's general objections do not merit *de novo* review; his general objections are reviewed for clear error.  The Plaintiff makes conclusory assertions that he is entitled to relief against the Defendants and offers a recitation of his claims, but he does not point to any legal error committed by the Magistrate Judge.  His general objections are due to be overruled.

However, the Plaintiff makes one objection that is sufficiently specific to warrant *de novo* review.  The Plaintiff argues that sovereign immunity does not apply to bar this action. (Doc. 20 at 5).  The law is well-established that the United States, as sovereign, is absolutely immune from suit unless it consents to be sued.  *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  "Absent a waiver, sovereign immunity shields the Federal

Government and its agencies from suit." *JBP Acquisitions, LP v. U.S. ex. rel. F.D.I.C.*, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). *See also Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999) ("[S]overeign immunity bars suit against the United States [and its agencies] except to the extent it consents to be sued.").

As noted in the Recommendation, the Plaintiff has not identified any statutory waiver of its sovereign immunity such that it would permit the United States to be sued for his claims. (Doc. 19 at 6). The United States has "expressly waived its sovereign immunity for tax refund suits" arising under 28 U.S.C. § 1346(a)(1).[2] *See Tinnerman v. United States*, 2022 WL 3654844 (11th Cir. Aug. 25, 2022). However, Lett's claims do not arise under this provision of the tax code and Lett does not identity any other statutory waiver by the United States. Thus, the Court finds that the Plaintiff's objections are due to be overruled.

Accordingly, for the reasons as stated and for good cause, it is

ORDERED as follows that:

1. The Plaintiff's objections (doc. 20) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 19) is ADOPTED.

3. The Defendant's motion to dismiss (doc. 9) is GRANTED.

4. The Plaintiff's pending motions (docs. 12, 13, 14, 15, 17, and 18) are DENIED as moot.

---

[2] 28 U.S.C. § 1346(a)(1) permits "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws."

5. This lawsuit is DISMISSED in its entirety without prejudice.

6. Costs are taxed against the Plaintiff.

DONE this 23rd day of December, 2022.

    /s/   Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE